IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRYL D. LOYD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PACIFIC SPECIALTY INSURANCE )<br>COMPANY )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br>NO. 1:06 CV 1735-CAP |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PACIFIC SPECIALTY INSURANCE COMPANY

Plaintiff Darryl Loyd serves these Interrogatories and Request for Production of Documents upon Defendant Pacific Specialty Insurance Company, and requests that they be fully answered by the Defendant pursuant to O.C.G.A. § 9-11-33. The requested information is to be produced at the law offices of Warren N. Sams III, located at 127 Peachtree St., N.E., 14th Floor, Atlanta, GA  30303.

These Interrogatories and Request to Produce are continuing, as required by the Georgia Civil Practice Act § 9-11-26(e).

### DEFINITIONS AND INSTRUCTIONS

1. **"Pacific"** means **Pacific Specialty Insurance Company**, its officers, agents, employees, directors, representatives, consultants, experts, and all other persons acting on its behalf, and **including but**

not limited to **Owen Claim Services**, and **all other Pacific affiliates involved** with the claim that is the subject of this action.

2. "**Montgomery**" shall mean **Frederick Lance Montgomery** and **Montgomery Insurance Agency** and its officers, agents, employees, directors, representatives, consultants, experts, and all other persons acting on its behalf.

3. The term "document" shall include all documents, materials, and tangible things subject to discovery under the Georgia rules of procedure, including but not limited to: any original written, typewritten, printed, recorded or electronic information or material (whether still active, archived or transparent) and any copies or reproductions that are not identical to the original, all writings, documents, tangible things, typings, letters, correspondence, memoranda, confirmations, facsimile transmittal sheets, transmittal forms, drafts, notes, work papers, bills, ledgers, status reports, minutes of meetings, records, journals, entries in journals, financial statements, audit reports, financial data, status sheets, contract status reports, certificates of insurance, insurance policies, calendars, schedules, studies, summaries, reports, charts, books, drawings, diagrams, exhibits, video tapes, photographs, movies, audio tapes, voice mail recordings, recordings, transcripts, contracts, purchase orders, proposals, estimates, directives, data sheets, computer memory (including that of any "transparent" information, information deleted from the personal computer or file but not from the system), hard drives, floppy discs, optical discs, CD-ROM discs, Bernoulli discs and their equivalents, magnetic tape, disaster recovery back-up, computer chips, networks, groupware programs, electronic conferencing work sessions, electronic mail (e-mail), personal computers (home and office), laptop computers, notebook computers, dockable calendars, computing units, personal information calendars, personal digital assistants, inquiries to inside or outside data bases and any identifying markers placed on the storage device containing the electronic data, computer

printouts, address and telephone records, data processing cards, and the like, as well as any and all copies or reproductions of the same, irrespective of form, whether sent or received, and all copies or reproductions thereof which are different in any way from the original, regardless of whether designated confidential, privileged, or otherwise.

4. "Identify," when used with reference to documents or writings, shall require as a minimum the following information:

    (a) Date;

    (b) General description or title;

    (c) Name of author, publisher or preparer, if known;

    (d) Name and address of person who has possession of the document or writing;

    (e) Whether you will voluntarily produce said document for inspection and copying. In lieu of the above, a copy may be attached to your answers.

5. "Identify," when used with reference to persons, firms, or corporations, shall require as a minimum the following information:

    (a) Name;

    (b) Address;

    (c) Telephone number;

    (d) Employer;

    (e) Occupation.

6. "Person" shall be deemed to include individuals, firms, corporations, the individual member(s) or agent(s) thereof with knowledge of the requested information.

## **INTERROGATORIES**

Each Interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's agents and other representatives. Each response shall identify every person known to have personal knowledge of the accuracy of the response.

1. Please identify all persons other than counsel who have assisted in any way in the preparation of the answers to these interrogatories, specifying exactly which interrogatories that each person assisted in answering in whole or in part.

2. Please identify by name, address, and telephone number all persons having knowledge of the facts or matters alleged in the Complaint, the Answer(s), and any defenses asserted therein, identify such person's current employer, and provide a detailed description of the knowledge possessed by each such person.

3. Please identify each expert whom you expect to call to testify at the trial of this case, and all other witnesses whom you expect to offer opinion evidence, and provide the following information as to each:

   a. State the expert's qualifications.

   b. State the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which such expert is expected to testify, and a summary of the grounds for each opinion.

   c. Attach a copy of each expert's most recent resume or curriculum vitae.

   d. Attach a copy of all report(s) prepared by such experts regarding or related to this matter.

   e. State the number of hours spent by each expert in arriving at his or her opinions and conclusions in this matter.

    f.   State the charges made by the experts in arriving at his or her opinions and conclusions in this matter.

    g.   List the case styles and law firm names for each and every other case in which the expert has been consulted or given an opinion on the standard of care and/or causation.

4. Please state the full and correct name of all Pacific entities and affiliates that have been involved with the insurance policies and claims that are the subject of this action, and state the exact nature and dates of their involvement.

5. Please identify each document withheld from production to Plaintiff on the basis of privilege or for any other reason, identify the basis for its withholding, and identify the document's nature or type, subject matter, date, author, and all recipients.

6. Please state the exact basis for Pacific's determination that the insurance policy could legally and factually be rescinded or voided, identify all persons involved in making such determination, and identify all documents relating to such determination.

7. Please state the exact basis for Pacific's alleged determination that Mr. Loyd made material misrepresentations and/or concealments, identify all persons involved in making such determination, and identify all documents relating to such determination.

8. Describe in detail any and all evidence, testimony, and documentation supporting, showing, or suggesting that Mr. Loyd made any material misrepresentation or concealment to anyone.

9. Please describe in detail all investigations into the insurance claims and coverage asserted in this matter, including all persons interviewed, all facts and documents gathered, and all other information obtained as a part of the investigation.

10. Identify all claims investigators in this matter, the scope of their investigations, and the information obtained by them.

11. Identify the names, employers, addresses, and telephone numbers of all persons who have spoken with Mr. Loyd regarding the insurance claims in this matter, the exact substance of such conversations, the dates and times of such conversations, and identify all transcripts or recordings of such conversations.

12. Identify all records that Pacific has obtained from any persons or entities regarding Mr. Loyd or the insurance claims in this matter.

13. Identify all communications, correspondence, and conversations between Montgomery and Pacific at any time from April 1, 2004 to the present regarding Mr. Loyd, his home, his insurance coverage, the Pacific Homeowner Application, the insurance claims asserted by Mr. Loyd, and any other matters related to this case.

14. Explain why Pacific initially denied having issued any insurance policy for the Loyd home, identify all persons involved in deciding to take such a position, and identify all documents relating thereto.

15. Identify any analyses, assessments, itemization, or breakdown of the amount of monetary damage incurred with respect to the house, its other structures, personal property, and loss of use of the Loyd home as a result of the April 5, 2005 fire.

16. Describe in detail the physical damage sustained by the Loyd home, its dwelling, its other structures, and personal property as a result of the April 5, 2005 fire.

17. Describe the efforts made to determine the amount of physical and monetary damage sustained to the Loyd home, dwelling, structures, personal property, and loss of use as a result of the April 5, 2005 fire.

18. Identify all premiums paid by Mr. Loyd for insurance, the dates of such payments, and all invoices submitted to Mr. Loyd for insurance coverage.

19. Has Pacific terminated its business and/or agency relationship with Montgomery? If so, please state when such relationship ended, why it was ended, the person(s) making the decision to end such relationship, and identify all documents related to or showing the termination of the relationship and the reasons therefor.

20. State whether Pacific has been under investigation by any state department of insurance, including but not limited to California and Georgia, at any time between 1995 to the present, where such investigation concerned Pacific's handling, investigation, settlement, or payment of claims for property damage (including but not limited to fire losses). Describe the nature of the investigations, as well as the state, the dates of the violations and investigations, and the agency conducting the investigation.

21. Over the past 10 years has Pacific or one of its affiliates been fined, penalized, reprimanded, or issued a "cease and desist" order from a state department of insurance. If so, for each instance identify with reasonable particularity the state involved, the state's reference number for the matter, the date on which the fine, penalty, reprimand or cease and desist letter was levied/issued, the nature of the alleged violation, the action taken against Pacific (fine, reprimand, etc.), and all documents related to the state proceeding.

22. State the specific facts and legal authority supporting each affirmative defense listed in your answer (or any subsequent amendment).

23. Identify which parts, if any, of the Loyd Home that Pacific considers to have been:

    a. uninhabitable before the April 5, 2005 fire;

    b. habitable after the April 5, 2005 fire.

Please provide all documents, including inspection reports and photographs, that support this contention.

24. Has Mr. Loyd complied with all the procedures required by Pacific for the proper submission of a claim for reimbursement for a loss? If not, describe in detail all the procedures which Mr. Loyd has failed to follow.

25. If to your knowledge, information, or belief there exists any photograph, drawing, picture, videotape, movie or other illustrative material depicting any person, thing or occurrence relevant to any issue in this lawsuit, directly or indirectly, which is not already identified elsewhere in your responses to these interrogatories, or being produced in response to Plaintiff's Document request, please identify as to each the date on which it was made, by whom it was made, what it depicts, and the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce the following documents:

1. All documents requested to be identified in the above interrogatories, or that are referred to or identified by you in the responses to those interrogatories.

2. All documents related to Mr. Loyd, his home, the insurance policies, insurance coverage, or the insurance claims regarding this matter.

3. For each expert whom you expect to call at trial as a witness in this case, each expert's most recent resume or curriculum vitae.

4. For each expert whom you expect to call at trial as a witness in this case, each report authored by such expert.

8

5. For each expert whom you expect to call at trial as a witness in this case, the expert's entire file related to or regarding this matter and/or utilized in forming his or her opinions in this case.

6. All correspondence or communications pertaining to or discussing Mr. Loyd, his home, and the insurance policies, insurance coverage, and the insurance claims regarding this matter.

7. All correspondence or communications between Montgomery and Mr. Loyd regarding Mr. Loyd, his home, and the insurance policies, insurance coverage, and the insurance claims regarding this matter.

8. All correspondence or communications between Pacific and Mr. Loyd regarding Mr. Loyd, his home, and the insurance policies, insurance coverage, and the insurance claims regarding this matter.

9. All correspondence or communications between Montgomery and Pacific regarding Mr. Loyd, his home, and the insurance policies, insurance coverage, and the insurance claims regarding this matter.

10. All electronic mail related to or regarding Mr. Loyd, his home, and the insurance policies, insurance coverage, and the insurance claims regarding this matter.

11. All documents, files, or records prepared, received, maintained, or kept by Ranella Ramey relating to this case.

12. All documents, files, or records prepared, received, maintained, or kept by Sitataida Tautuaa relating to this case.

13. All documents, files, or records prepared, received, maintained, or kept by Owen Claim Service relating to this case.

14. All recordings (including any audio tapes, CDs, disks, or other storage media), transcripts, notes, minutes, memoranda, or other documentation or evidence of any and all telephone conversations with Mr. Loyd.

15. The complete insurance policy documents relating to Mr. Loyd, including all schedules, attachments, and exhibits.

16. All reports, analyses, and investigations relating to this case.

17. All photographs, drawings, and video recordings of the Loyd home or otherwise relating to this matter.

18. All meeting minutes, memoranda, notes, and other documents relating to this matter.

19. Pacific's claim file for the Loyd case.

20. Pacific's contract/agency agreement with Montgomery, and all other documents that describe his authority on behalf of Pacific while acting as an authorized agent for Pacific.

21. All documents showing or relating to any termination of the business and/or agency relationship between Montgomery and Pacific, including but not limited to all documents showing the date and reasons for the termination of the relationship.

22. All documents relating to any case in which Pacific or its affiliates has attempted to or actually has voided or rescinded an insurance policy of any client or customer of Montgomery on the basis of an alleged misrepresentation or concealment, including but not limited to the insurance policies that have been or were attempted to be voided or rescinded, the documents relating to or showing any alleged misrepresentation or concealment, and the documents purporting to void or rescind the policies.

23. All documents reflecting communications with Montgomery related to Mr. Loyd or his claim.

24. To the extent not requested above, all documents which you expect to utilize as an Exhibit at any deposition, hearing, or trial of this case.

25. To the extent not requested above, all documents which relate in any way to the matters alleged in this case.

26. All documents that estimate or value the loss suffered by Mr. Loyd in the April 5, 2004 fire.

27. All documents, internal and external, that discuss whether to pay Mr. Loyd's claim or reasons not to pay the claim.

28. Produce all documents summarizing or in any way referencing inspections of Mr. Loyd's property, including those carried out before and after the fire.

29. Produce all internal documents, including but not limited to corporate policy manuals, that reflect or discuss Pacific's policies, standards or practices regarding rescission of insurance policies.

30. Produce all reports or other correspondence with the Georgia Department of Insurance between 1990 and the present regarding claims handling.

31. Produce all documents showing the results of self-audits regarding claims handling that were prescribed or required by any state agencies between 1990 and the present.

32. Produce any Documents you have in your possession, custody, or control that support, contradict, or reasonably relate to your responses to each of the above Interrogatories.

33. Produce all records, Documents, correspondence, memoranda, forms, and other records, whether written, computerized, or otherwise recorded, which mention or refer to plaintiff in any manner or connection, and which have not already been produced.

Respectfully submitted, this 8th day of September, 2006.

                              By:    s/ Warren N. Sams III
                                          Warren N. Sams III
                                          Ga. Bar No. 624440
                                          **The Sams Law Firm**
                                          127 Peachtree St., NE,
                                          Suite 1305
                                          Atlanta, Georgia 30303
                                          (404) 420-0291
                                          (404) 420-0294 (facsimile)
                                          wsams@samslaw.net

\\Sams01\Loyd v. PSIC\PLED,WDOC\First Interrogatories and RPD to Def Pacific Specialty Insurance Co.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRYL D. LOYD ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:06 CV 1735-CAP |
| ) | |
| PACIFIC SPECIALTY INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2006, I presented **Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Pacific Specialty Insurance** Company to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Paul W. Burke, Esq.
Anthony Kalka, Esq.
DREW, ECKL & FARNHAM, LLP
880 W. Peachtree Street
Atlanta, GA 30309

This 8th day of September, 2006.

s/ Warren N. Sams III
Warren N. Sams III
Ga Bar No. 624440